UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In Re:                                                :
                                                      :
SOUNDVIEW ELITE LTD., *et al.*,                       :
                                                      :          14 Civ. 1747 (JPO)
Debtors.                                              :
------------------------------------------------------    :          OPINION AND ORDER
  ALPHONSE FLETCHER, JR., and                         :
  GEORGE E. LADNER,                                   :
  Appellants,                                         :
                                                      :
  -v-                                                 :
                                                      :
  WILLIAM K. HARRINGTON, *et al.*,                    :
                                                      :
  Appellees.                                          :
--------------------------------------------------------    X

J. PAUL OETKEN, District Judge:

      Pro se Appellants Alphonse Fletcher, Jr. and George E. Ladner bring this bankruptcy appeal under 28 U.S.C. § 158.  Appellee William K. Harrington, United States Trustee, moves to dismiss the appeal for lack of subject matter jurisdiction.  For the reasons that follow, that motion is granted.

**I.     Background**

      The following facts are relevant to the Court's jurisdiction. These facts are taken from the record and are undisputed unless otherwise noted.

      Appellants are the sole directors of a series of mutual funds (collectively, the "debtors") that filed for Chapter 11 bankruptcy relief on September 24, 2013.  On January 23, 2014, the Bankruptcy Court for the Southern District of New York entered an Order for the appointment of a Chapter 11 trustee over Appellants' objections.  Fifteen days later, at 2:00 a.m. EST, February 7, 2014, Appellants emailed a notice of bankruptcy appeal ("notice") to the Appellees and the Bankruptcy Court.  Because Appellants were on the west coast, as they understood it, the email

was sent at 11:00 p.m. PST, February 6, 2014, or fourteen days after the Order was entered.  The body of the email stated:

> Attached is a notice of appeal from Alphonse Fletcher, Jr., *pro se*, and George E. Ladner, *pro se*, the directors of Soundview Elite, Ltd., et al.  We will quickly correct any procedural missteps or make any revisions as we become aware of them.  We prepared this without the assistance of Debtors' counsel.

(Trustee Brief, Ex. A.)  The Bankruptcy Court's docket report reflects that the notice was "Filed 02/07/14."  (Case No. 13-13098, Dkt. No. 172.)

## II.     Discussion

The Trustee argues that Appellants missed the 14-day window for filing a notice of appeal, and, because the timeliness requirements are statutory and jurisdictional, the late filing strips the court of jurisdiction to hear this appeal.  It is true that district courts' jurisdiction to hear bankruptcy appeals is circumscribed by 28 U.S.C. § 158(c)(2), which provides that bankruptcy appeals must be filed "in the time provided by Rule 8002 of the Bankruptcy Rules." *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal . . . the district court is without jurisdiction to consider the appeal . . . ."); *see also In re Indu Craft, Inc.*, --- F.3d ---, 2014 WL 1386655, (2d Cir. Apr. 10, 2014) (abrogating *In re Siemon* but still recognizing that the "time limits . . . prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional).

Rule 8002 contains two relevant provisions on timeliness.  First, Rule 8002(a) creates a 14-day default filing period.[1]  Given the February 7, 2014 filing date,[2] Appellants' notice clearly

---

[1] "The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).

[2] "A [document] is 'filed' when it is delivered into the 'actual custody' of the Clerk, not when it is mailed . . . [and a] filing is presumed to be made on the date file-stamped by the Clerk." *Etheredge-Brown v. Am. Media, Inc.*, 13 Civ. 1982 (JPO), 2014 WL 1316352, at *2 (S.D.N.Y. Mar. 31, 2014) (citing *Greenwood v. State of N.Y. Office of Mental Health,* 842 F.2d 636, 639

fails under Rule 8002(a).  But the analysis does not end there.  Rule 8002(c)(2) empowers district courts to extend the filing period beyond the 14-day baseline.[3]  Appellants must file written motions to request such extensions, and "upon a showing of excusable neglect" these motions may be filed up to 21 days after the initial 14-day period has passed.  Because district courts may grant extensions, they have the capacity under Rule 8002(c)(2) to alter the time restrictions that constrain their jurisdiction.[4]

Appellants argue that the body of their email should be construed as a motion for a one-day extension, which this Court should grant retroactively or *nunc pro tunc*, thereby making the

---

(2d Cir.1988)).  Appellees have said nothing to rebut the presumption that their notice was filed on February 7, 2014, one day after the 14-day window prescribed by Rule 8002(a) expired.  Furthermore, electronic filing must be completed by "midnight in the court's time zone."  Fed. R. Bankr. P. 9006(a)(4)(A).

[3] Rule 8002(c)(2) states that "[a] request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect."

[4] Analysis of Rule 8002(c)(2) is absent from the Second Circuit's holding in *Siemon* "that the time limit contained in Rule 8002(a) is jurisdictional." 421 F.3d at 169.  However, as the Circuit recently clarified in *Indu Craft*, the jurisdiction-defining quality of timing rules like Rule 8002(a) stems from such rules' relation to jurisdiction-granting statutes like 28 U.S.C. § 158.  2014 WL 1386655, at *3-4 (noting that time limits are jurisdictional only when they are "statutorily prescribed" and "Congress has clearly stated that . . . [they are] jurisdictional;" in contrast, non-statutory rules and even statutory rules without a clear statement of jurisdictional intent are merely "nonjurisdictional claim processing rules") (quoting *Bowles v. Russell,* 551 U.S. 205, 209 (2007) and *Sebelius v. Auburn Regional Medical Center,* 133 S.Ct. 817, 184 (2013)).  *Indu Craft* mandates a close textual "parsing [of] jurisdictional and nonjurisdictional statutory limitations."  *Id.* at *4.  Given that 28 U.S.C. § 158, the relevant statute, limits district courts' bankruptcy jurisdiction based upon "the time provided by Rule 8002" without distinguishing between 8002(a) and 8002(c), this Court finds no justifiable basis for distinctions in the import of the two bankruptcy provisions.  If one part of Rule 8002 is jurisdictional, then the other provision bears that same quality, even if the result is that federal courts are tasked with defining the limits of their own subject matter jurisdiction.

notice of appeal timely under Rule 8002(c)(2).[5]  First, the Court must determine whether an extension was properly requested.  Courts should not impose overly formal filing requirements.  *Cf. Adelson v. Harris*, 12 Civ. 6052 (JPO), 2013 WL 5420973, at *21 (S.D.N.Y. Sept. 30, 2013) (extending a deadline for filing notice *nunc pro tunc* where litigants failed to file a formal notice, but included a footnote in briefings that effectively provided the required notice).  However, Rule 8002(c)(2) requires a "written motion" which should, at the very least, put opposing parties on notice that an extension has been requested.  Appellants' email simply states that Appellants would "quickly correct any procedural missteps or make any revisions as we become aware of them."  It does not mention an extension.[6]

Where timeliness determines whether jurisdiction exists over an appeal, this Circuit has recognized that the distinction between a motion to extend time and a substantive filing can be collapsed.  *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (noting, in a habeas corpus case, that "a district court is empowered, and in some instances may be required" to treat a motion "nominally seeking an extension of time . . . as a substantive motion for relief").  Therefore, the Court will also look to the notice itself to see if an extension was requested.  If Appellants had filed a notice of bankruptcy appeal with a meritorious request for a Rule 8002(c)(2) extension stated on its face, the court would be splitting hairs to require separate

---

[5] While the pro se Appellants do not formulate their argument in quite those terms, the Court considers their claims "with special solicitude, interpreting them to raise the strongest arguments that they suggest."  *De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 646 (2d Cir. 2012) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*per curiam*)) (quotation marks omitted).

[6] Perhaps the Appellants did not realize that their eleventh-hour notice was two hours late in the relevant time zone and thus did not know that an extension would be needed.  However, failure to understand the deadline for filing a notice of appeal is not recognized as excusable neglect.  *Chiulli v. I.R.S.*, 03 Civ. 6670 (HBP), 2005 WL 3021179, at *2-3 (S.D.N.Y. 2005).

filings for the notice and the motion, or, in the alternative, to require that the motion be filed *qua* motion with the notice attached as an exhibit.  Although Apellants did not explicitly request an extension, their intent to file notice was clear and, applying the standard that is appropriate for pro se litigants, a request for an extension may be implied from these facts.  Bankruptcy law's notice provision is designed to ensure that parties will be notified when an Order is contested; the extension provision is meant to protect appellants and mitigate the harshness of a bright-line rule. *See* Fed. R. Bankr. P. 8002 Advisory Committee Notes (observing that Rule 8002(c) was amended in 1997 "to protect parties . . . from the harshness of the [then-]present rule").  The balance that courts must achieve between these competing goals is not well-served by a hyper-technical focus on the labels of filings.[7]

In any event, even if the email and notice are construed as a Rule 8002(c)(2) extension request, Appellants fail to meet the legal standard for "excusable neglect."  Excusable neglect is a context-specific equitable concept that requires consideration of all relevant circumstances including:

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 385 (1993)).  The emphasis falls

---

[7] In a case where a habeas corpus petition was dismissed as untimely, despite circumstances that led the pro se petitioner to reasonably believe that he was meeting the filing deadline, four dissenting justices lamented that "it is intolerable for the judicial system to treat people this way."  *Bowles v. Russell*, 551 U.S. 205, 215 (2007) (Souter, J., dissenting).  Unlike in *Bowles*, where the district court was found to have exceeded its jurisdictional limits by granting a 17-day extension where the statute allowed only for a 14-day extension, here, contemplating a 1-day extension is within the court's jurisdiction.

on the third factor.  *Id.*  Appellants' notice and email state no facts or arguments that excuse a late filing.  Although "*pro se* status is relevant in determining whether there has been excusable neglect," such status alone is insufficient for a finding of excusable neglect.  *Myers v. New York City Human Rights Comm'n*, 04 Civ. 00543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. 2006) (collecting *pro se* cases where the excusable neglect standard was not met).  Accordingly, Rule 8002(c)(2) is inapplicable and this appeal fails for a lack of subject matter jurisdiction.

### III.     Conclusion

For the foregoing reasons, the Trustee's motion to dismiss the appeal is GRANTED.  The Clerk of the Court shall close the motion at docket number 5 and terminate this case.

SO ORDERED.

Dated: April 23, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge